# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT A. DOMBROSKY,<br><br>    Plaintiff<br><br>    v.<br><br>ERIC C. STEWART,<br><br>    Defendants | CIVIL ACTION NO. 3:10-CV-1477<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Defendant's Motion to Dismiss. (Doc. 12.) For the reasons discussed more fully below, the Motion to Dismiss will be denied.

## BACKGROUND

On September 16, 2010, Plaintiff filed his Amended Complaint against Defendant. (Doc. 9.) In his Amended Complaint, Plaintiff alleges the following. In 2007, Plaintiff was working as a police officer for Westfall Township and Defendant was Chief of Police for Matamoras Borough Police Department. (Doc. 1 ¶¶ 6-7.) At that time, because of flooding at the Westfall Township municipal building, the Westfall Township Police Department was housed in the Matamoras Police Department building and the two police forces sometimes worked together. (Id. ¶ 9.)

In April-May 2007, Westfall Township Chief of Police Mark Moglia, Plaintiff's boss, was assisting on an arrest relating to drug sales at an area restaurant. (Id. ¶ 11.) Defendant arrived to assist, but was told to leave the location because he might be under the influence of Vicodin he took for back pain. (Id. ¶¶ 10-11.) Defendant and Chief Moglia got into an argument and Defendant shoved the Chief. (Id. ¶¶ 12-13.) Defendant told Plaintiff about

the incident, and also that he planned on punching the Chief. (Id. ¶ 12.) When Plaintiff informed Chief Moglia about what Defendant had said, Chief Moglia told Plaintiff to make a written statement about what Defendant had said and done. (Id. ¶ 13.) On July 16, 2007, Plaintiff was charged in Port Jarvis, New York with criminal violations unrelated to his job, and agreed to take an unpaid leave of absence pending resolution of the criminal charges. (Id. ¶ ¶ 14-15.)

On October 4, 2007, Matamoras Borough and Westfall Township entered into a Regionalization Agreement, creating the Eastern Pike Regional Police Commission and the Eastern Pike Regional Police Department to provide police services in Matamoras Borough, Westfall Township, and nearby municipalities parties to the Agreement. (Id. ¶ 16.) Defendant became Assistant Chief of Police in the newly-established Eastern Pike Regional Police Department. (Id. ¶ 18.) On February 19, 2008, Plaintiff was acquitted of all criminal charges in New York and began seeking a return to duty as per the agreement he had made with the Westfall Township Police Department. (Id. ¶ 19.)

Around 11:00 pm on July 19, 2008, Plaintiff, swerving to avoid hitting an animal while driving, went off the road and hit a tree, damaging his car. (Id. ¶ 21.) Plaintiff reported the accident to Officer Kevin Nearing of the Eastern Pike Police Department, who told Plaintiff that Sgt. Zegarski would be handling the matter. (Id. ¶ ¶ 20-21.) Two or three hours later, Defendant came to Plaintiff's home and tried to arrest Plaintiff for drunk driving. Plaintiff was not cited or arrested. (Id. ¶ ¶ 22-23.) Defendant then investigated the incident himself, despite the fact that it had already been assigned to another officer, and, on August 14, 2008, issued three traffic citations to Plaintiff: 75 Pa.C.S. § 3744, duty to give information and render aid; 75 Pa.C.S. § 3745, an accident involving damage to an unattended vehicle

2

or property; and 75 Pa.C.S. § 3748, filing a false report. (Id. ¶¶ 24-25.)  On August 15, 2008, Plaintiff's birthday, a DUI checkpoint was set-up, under Defendant's direction, near Plaintiff's home on a rural dead-end road and Plaintiff's wife was stopped. (Id. ¶ 27.)  On August 18, 2008, Plaintiff was issued a non-traffic citation, 18 Pa.C.S. § 5505 under the criminal code for public drunkenness relating to the July 19, 2008 accident. (Id. ¶ 28.)  At a summary hearing on February 9, 2009, Plaintiff was found guilty of the three traffic citations but acquitted of the public drunkenness citation. (Id. ¶ 29.)

Plaintiff filed a Complaint against Defendant on July 16, 2010, alleging selective enforcement in violation of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983.  Plaintiff then filed an Amended Complaint on September 16, 2010, (Doc. 9) and Defendant followed with his Motion to Dismiss on September 23, 2010 (Doc. 12). The Motion has been briefed by both sides and is ripe for review.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).  In light of

3

Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United*

*States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

**I.      The Selective-Enforcement Claim**

Plaintiff has pled sufficient facts to state a claim for selective-enforcement.

The Equal Protection Clause of the United States Constitution provides: "no state shall. . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1.  "It has long been established that discriminatory enforcement of a statute or law by state and local officials is unconstitutional." *Holder v. City of Allentown*, 987 F.2d 188, 197 (3d Cir. 1993) (internal citations omitted).  "To establish a selective-enforcement claim, a plaintiff must demonstrate (1) that he was treated differently from other similarly situated individuals, and (2) 'that this selective treatment was based on an 'unjustifiable standard, such as race, or religion, or some other arbitrary factor . . ..'" *Dique v. New Jersey State Police*, 603 F.3d 181, 184 n. 5 (3d Cir. 2010) (quoting *Hill v. Scranton*, 411 F.3d 118, 125 (3d Cir. 2005) (internal citation omitted)).

Here, Plaintiff alleges that he was repeatedly harassed by Defendant in the latter's capacity as Assistant Chief of Police.  This harassment included being subject to a personal investigation by Defendant following Plaintiff's car accident and being cited for numerous traffic citations, as well as a criminal citation, nearly a month after the incident.  Although Plaintiff has stated that such treatment was different from what similarly situated members of the "motoring public" would be subject to, presumably through discovery he will make this allegation more concrete.  Plaintiff also alleges that the reason he was singled out for this

5

treatment were the arbitrary factors of the personal animus of Defendant towards Plaintiff and Defendant's desire to keep Plaintiff from being re-instated with the police force. These facts, taken together, sufficiently allege a claim for selective-enforcement under the Motion to Dismiss standard.

While Defendant argues that Plaintiff has not pled sufficient facts to adequate make out an Equal Protection claim under a "class of one" theory, Plaintiff is not bringing a "class of one" theory but rather a selective-enforcement claim, the test for which is outlined above.

### II.    Official Immunity

Since Plaintiff is suing Defendant in Defendant's personal, and not official, capacity, official immunity does not apply. While Defendant argues that Plaintiff doesn't state that Plaintiff is suing Defendant in his individual capacity, and therefore official immunity should apply, in Plaintiff's Prayer for Relief he clearly states that he is seeking judgment against Defendant in his "individual capacity."

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint will be denied. (Doc. 12.)  An appropriate order follows.


11/4/10                                                               /s/ A. Richard Caputo
Date                                                                  A. Richard Caputo
                                                                      United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT A. DOMBROSKY, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-1477 |
| v. | |
| ERIC C. STEWART, | (JUDGE CAPUTO) |
| Defendant. | |

## **ORDER**

**NOW**, this   4th   day of November, 2010, **IT IS HEREBY ORDERED** that Defendant's Motions to Dismiss (Doc. 12) is **DENIED**.

                                                  /s/ A. Richard Caputo  
                                                  A. Richard Caputo  
                                                  United States District Judge