# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT A. DOMBROSKY,

    Plaintiff

        v.

ERIC C. STEWART,

    Defendant

CIVIL ACTION NO. 3:10-CV-1477

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is Defendant's Motion for Reconsideration. (Doc. 17.) For the reasons discussed below, while the Motion will be granted and the Plaintiff's claim examined under the "class of one" legal standard, the Court's previous Order denying the Motion to Dismiss will stand.

## **BACKGROUND**

On September 16, 2010, Plaintiff filed his Amended Complaint against Defendant. (Doc. 9.) In his Amended Complaint, Plaintiff alleged the following. In 2007, Plaintiff was working as a police officer for Westfall Township and Defendant was Chief of Police for Matamoras Borough Police Department. At that time, because of flooding at the Westfall Township municipal building, the Westfall Township Police Department was housed in the Matamoras Police Department building and the two police forces sometimes worked together.

In April-May 2007, Westfall Township Chief of Police Mark Moglia, Plaintiff's boss, was assisting on an arrest relating to drug sales at an area restaurant. Defendant arrived to assist, but was told to leave the location because he might be under the influence of

Vicodin he took for back pain. Defendant and Chief Moglia got into an argument and Defendant shoved the Chief. Defendant told Plaintiff about the incident, and also that he planned on punching the Chief. When Plaintiff informed Chief Moglia about what Defendant had said, Chief Moglia told Plaintiff to make a written statement about what Defendant had said and done. On July 16, 2007, Plaintiff was charged in Port Jarvis, New York with criminal violations unrelated to his job, and agreed to take an unpaid leave of absence pending resolution of the criminal charges.

On October 4, 2007, Matamoras Borough and Westfall Township entered into a Regionalization Agreement, creating the Eastern Pike Regional Police Commission and the Eastern Pike Regional Police Department to provide police services in Matamoras Borough, Westfall Township, and nearby municipalities parties to the Agreement. Defendant became Assistant Chief of Police in the newly-established Eastern Pike Regional Police Department. On February 19, 2008, Plaintiff was acquitted of all criminal charges in New York and began seeking a return to duty as per the agreement he had made with the Westfall Township Police Department.

Around 11:00 pm on July 19, 2008, Plaintiff, swerving to avoid hitting an animal while driving, went off the road and hit a tree, damaging his car. Plaintiff reported the accident to Officer Kevin Nearing of the Eastern Pike Police Department, who told Plaintiff that Sgt. Zegarski would be handling the matter. Two or three hours later, Defendant came to Plaintiff's home and tried to arrest Plaintiff for drunk driving. Plaintiff was not cited or arrested at that time. Defendant then investigated the incident himself, despite the fact that it had already been assigned to another officer, and, on August 14, 2008, issued three traffic citations to Plaintiff: 75 Pa.C.S. § 3744, duty to give information and render aid; 75 Pa.C.S.

§ 3745, an accident involving damage to an unattended vehicle or property; and 75 Pa.C.S. § 3748, filing a false report. On August 15, 2008, Plaintiff's birthday, a DUI checkpoint was set-up, under Defendant's direction, near Plaintiff's home on a rural dead-end road and Plaintiff's wife was stopped. On August 18, 2008, Plaintiff was issued a non-traffic citation, 18 Pa.C.S. § 5505 under the criminal code for public drunkenness relating to the July 19, 2008 accident. At a summary hearing on February 9, 2009, Plaintiff was found guilty of the three traffic citations but acquitted of the public drunkenness citation.

Plaintiff filed a Complaint against Defendant on July 16, 2010 (Doc. 1), alleging selective enforcement in violation of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983. Plaintiff then filed an Amended Complaint on September 16, 2010 (Doc. 9), and Defendant followed with his Motion to Dismiss on September 23, 2010 (Doc. 12). The Court issued a Memorandum and Order on November 4, 2010, denying Defendant's Motion to Dismiss. (Doc. 16.) Defendant then filed a Motion for Reconsideration on November 10, 2010. In his Motion, Defendant contends that the Court should have applied the "class-of-one" standard in evaluating Plaintiff's claim rather than the selective enforcement standard the Court did apply. The Motion has been briefed by both sides and is ripe for review.

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the

party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). The reconsideration of a judgment is an extraordinary remedy, and such motions are granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

The Court will grant Defendant's Motion for Reconsideration and apply the "class-of-one" legal standard to Plaintiff's Equal Protection Selective-Enforcement claim but will still deny Defendant's Motion to Dismiss. While the Court is not completely convinced that it was obligated to apply the "class-of-one" standard to Plaintiff's claim, it will err on the side of caution and evaluate the claim under that standard. However, applying this standard will not alter the Court's initial ruling denying Defendant's Motion to Dismiss.

Recently, Judge Rambo of this court held:

Two theories exist upon which a plaintiff may assert an equal protection claim. The traditional theory protects a plaintiff from discriminatory treatment based on

4

membership in a protected class such as gender or race. In contrast, under the class-of-one theory, a plaintiff may have an equal protection claim even absent protected-class status if he or she alleges irrational and intentional differential treatment when compared with similarly situated individuals.

*Hookey v. Dalton*, 1:08-cv-02284, 2010 WL 4237310, *4-5 (M.D. Pa. Oct. 21, 2010) (internal citations omitted).

In order to state a "class-of-one" claim, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). However, the United States Supreme Court has held:

> [t]here are some forms of state action . . . which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted.

*Engquist v. Oregon Dept. Of Agric.*, 553 U.S. 591, 603 (2008).

Applying the "class-of-one" standard to Plaintiff's claim, Defendant argues in his Brief that his actions were discretionary and therefore inappropriate for a selective enforcement claim. In support of this claim, Defendant relies heavily on the "speeding ticket" analogy used by the United States Supreme Court in *Enquist*. The essence of that discussion is that some practices, such as the issuance of speeding tickets on a busy highway, are by definition discretionary, and therefore incompatible with a class-of-one arbitrary treatment claim. However, the facts alleged by Plaintiff in his Complaint are far from the "speeding ticket" scenario relied on by Defendant. The scenario outlined in the Complaint would be more akin to one in which a police officer, getting into a disagreement with an individual in

5

say, a store, then followed the individual home and, after setting up a speed trap outside the individual's house when the officer wasn't on duty, cited the individual for speeding. Plaintiff's Complaint does not allege one discretionary decision on the part of the Defendant, but a pattern of behavior that makes out a claim for discriminatory treatment under the Equal Protection Clause. As a result, while the Court has applied the "class-of-one" standard, the Court still finds that Plaintiff's claim should not be dismissed.

## CONCLUSION

For the reasons stated above, the Court will grant the Defendant's Motion for Reconsideration. However, after applying the "class-of-one" standard to Plaintiff's Complaint, Defendant's Motion to Dismiss will still be denied.

12/14/10                                    /s/ A. Richard Caputo
Date                                        A. Richard Caputo
                                            United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT A. DOMBROSKY,

    Plaintiff

    v.

ERIC C. STEWART,

    Defendant

CIVIL ACTION NO. 3:10-CV-1477

(JUDGE CAPUTO)

## <u>ORDER</u>

**NOW**, this ___14th___ day of December, 2010, **IT IS HEREBY ORDERED THAT**
Defendant's Motion for Reconsideration (Doc. 17) is **GRANTED**, but that Defendant's
Motion to Dismiss (Doc. 12) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge